TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

 NO. 03-09-00262-CV

 Jesús Rodriguez-Aguero, M.D., Appellant

 v.

 Texas Medical Board, Appellee

 FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
 NO. D-1-GN-08-002190, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

 MEMORANDUM OPINION

 Appellant Jesús Rodriguez-Aguero, M.D., appeals from the district court’s judgment

affirming a final order of appellee the Texas Medical Board imposing disciplinary sanctions against

him. In several issues, appellant contends the district court erred in affirming the Board’s final order.

Because we find no error in the Board’s final order and we conclude that the Board’s order

was supported by substantial evidence, we affirm the district court’s judgment affirming the

Board’s order.

 BACKGROUND

 Appellant has been licensed by the Board since 1965. He has been a thoracic surgeon

for over forty years and was the chief surgeon at the Chest Hospital in Harlingen, Texas for

twenty-seven years, where he specialized in the treatment of tuberculosis.
 On April 5, 2000, a 73-year-old female named E.R. was referred to appellant for

diagnosis and treatment of a mass in her left lung. Based on positive bacterial cultures, appellant

initially treated E.R. with antibiotics and performed tests for tuberculosis, which were negative.

Appellant then performed a bronchoscopy, which was inconclusive. Appellant monitored E.R.’s

condition with x-rays in April, May, and July 2000. In July, appellant told E.R. to return in

December 2000. E.R. did not return for further treatment until the end of January 2001. E.R.

underwent an open biopsy in February 2001 that resulted in the removal of a cancerous tumor from

the upper lobe of her left lung. At the time of that biopsy, the cancer had metastasized into E.R.’s

spine. In 2002, after undergoing chemotherapy with oncologist Dr. Joseph Litam, E.R. was found

to have lymphoma. E.R. died in May 2002.

Civil court proceedings

 Almost one year after E.R. died, E.R.’s family sued appellant for negligence. The

cause was tried to a jury, and the jury returned a verdict in favor of appellant. See Reyna

v. Rodriguez-Aguero, No. C-352-03-A (92nd Dist. Hidalgo County, May 24, 2004).

Proceedings before the Board

 A) Informal Settlement Conference/Show Compliance Hearing

 Shortly after the jury verdict was rendered in the civil suit against appellant, the Board

sent appellant a Notice of Informal Settlement Conference/Show Compliance Hearing. The informal

settlement conference and hearing was held on September 16, 2005, and representatives of the Board

 2
reviewed and considered various allegations regarding appellant’s care and treatment of E.R. After

this conference, the Board sent appellant a proposed Agreed Order, which appellant rejected.

 B) Contested case proceedings

 In March 2006, the Board initiated formal disciplinary proceedings against appellant

based on appellant’s care and treatment of E.R. A notice of hearing was filed by the Board’s staff

on March 13, 2006, and, pursuant to the notice, a hearing date was set before an administrative law

judge at the State Office of Administrative Hearings for August 1-2, 2007.1

 During the discovery period prior to the hearing, the Board designated

Dr. Homer S. Arnold, M.D., and Dr. J. Marvin Smith, M.D., as expert witnesses and provided

appellant with copies of the reports of Drs. Arnold and Smith. After appellant requested deposition

dates for Drs. Arnold and Smith, the Board served appellant with a motion to de-designate

Dr. Arnold as a testifying expert.2 Appellant then filed a supplemental witness list identifying

Dr. Arnold as an expert witness, and the Board objected. The ALJ issued Prehearing Order No. 6,

which granted the Board’s motion to de-designate Dr. Arnold as a testifying expert and sustained the

Board’s objection to appellant’s supplemental witness list. The ALJ expressly found, “Dr. Arnold

 1
 In July 2006, the Board’s executive director suggested that appellant’s case be referred to
the Disciplinary Process Review Committee for possible dismissal. Later that year, however, the
Board directed its staff to proceed with the contested case against appellant.
 2
 The Board’s motion to de-designate Dr. Arnold as a testifying expert occurred after a
change in counsel for the Board. When the Board’s new counsel was reviewing the file, counsel
discovered that Dr. Arnold should have been designated as a consulting expert, not a testifying
expert. See Tex. R. Civ. P. 192.3(e).

 3
should not be listed as a testifying witness for either party,” and the order stated, “Dr. Arnold is not

subject to being deposed or called as a witness in this case.”

 In April 2007, appellant filed a motion for summary judgment asserting the defense

of collateral estoppel. Appellant argued that the Board could not relitigate the issues of negligence

and standard of care that were previously litigated in the civil proceedings filed by E.R.’s family

against appellant. The ALJ denied appellant’s motion, and a contested case hearing was held on

August 1-2, 2007.

 At the hearing, the Board alleged that appellant failed to provide adequate medical

care to E.R. because appellant failed to diagnose and treat her malignant lung mass in a timely

manner. As a result, the Board alleged that appellant failed to practice medicine in an acceptable

professional manner in violation of section 164.051(a)(6) of the Medical Practice Act. See Tex. Occ.

Code Ann. § 164.051(a)(6) (West 2004). The Board also alleged that appellant violated Board

rule 165.1 by failing to maintain adequate medical records in violation of section 164.051(a)(3) of

the Medical Practice Act. See id. § 164.051(a)(3); 22 Tex. Admin. Code § 165.1(a) (2010) (Tex.

Med. Bd., Medical Records).3 In support of these allegations, the Board submitted documentary

evidence including E.R.’s medical records from appellant and other doctors who treated E.R. during

 3
 In 2000, rule 165.1(a) provided:

 Each licensed physician of the Board shall maintain an adequate medical record for
 each patient. For purposes of this section, “adequate medical record” shall mean any
 records documenting or memorializing the history, diagnosis, and treatment of any
 patient.

22 Tex. Reg. 12489, 12490 (Dec. 19, 1997). This is the version of the rule that was in effect at the
time of appellant’s conduct in this case.

 4
the relevant time period from April 2000 until her death in May 2002. Dr. Marvin Smith, a

board-certified thoracic surgeon, testified as an expert witness on behalf of the Board.

 The ALJ prepared a proposal for decision, which was considered by the Board during

its open meeting on April 11, 2008. In her proposal for decision, the ALJ concluded that appellant

had violated sections 164.051(a)(3) and (6) of the Medical Practice Act by violating a Board rule and

failing to practice medicine in an acceptable professional manner consistent with the public health

and welfare. See Tex. Occ. Code Ann. § 164.051(a)(3), (6). In conclusion of law number 10, the

ALJ recommended imposing a probated suspension of appellant’s medical license for no more

than two years and an administrative penalty of no more than $5,000. The Board adopted the

PFD with the exception of conclusion of law number 10, which the Board construed as a

recommended sanction instead of a conclusion of law. In its final order, the Board imposed a

two-year probated suspension against appellant’s medical license and ordered appellant to pay a

$3,000 administrative penalty.

 Appellant filed a motion for rehearing, which was overruled by operation of law.

Appellant then sought judicial review of the Board’s final order in a Travis County district court.

The district court signed the final judgment affirming the Board’s final order on April 8, 2009.

Appellant appeals from this judgment.

 ANALYSIS

 In various issues on appeal, appellant complains that the district court erred in

affirming the Board’s final order because: (1) the Board violated its own rules, (2) the ALJ erred

in excluding the testimony of Dr. Arnold and evidence of appellant’s character and reputation in the

 5
community; (3) the final order contains technical errors and misstatements of fact that require

reversal; (4) the ALJ failed to require the Board to prove compliance with jurisdictional

requirements; and (5) collateral estoppel prevents relitigation of the issues of negligence and

standard of care because appellant prevailed on those issues in a civil trial.4 For the reasons

discussed below, we conclude that the Board’s order is supported by substantial evidence and that

appellant’s complaints are without merit.

Standard of review

 We review the Board’s final order under the substantial evidence rule. See Tex. Occ.

Code Ann. § 164.009 & revisor’s note (West 2004); Tex. Gov’t Code Ann. § 2001.174 (West 2008);

Ramirez v. Texas State Bd. of Med. Exam’rs, 995 S.W.2d 915, 919 (Tex. App.—Austin 1999, pet.

denied). Under substantial evidence review, we presume the Board’s order is supported by

substantial evidence, and the complaining party bears the burden of proving otherwise. Texas Health

Facilities Comm’n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). The

complaining party cannot satisfy this burden merely by showing that evidence preponderates against

the agency’s decision. Id. at 452. The test is not whether we believe the agency’s decision was

correct, but whether there is a reasonable basis in the record to support the agency’s action. Id. If

substantial evidence would support either affirmative or negative findings, a reviewing court must

 4
 To the extent appellant contends that the Board’s final order prejudiced his substantial
rights, we do not construe this allegation as a separate point of error. Rather, it appears that
appellant’s contention in this regard is that the Board’s order is not supported by substantial evidence
and must be reversed because it prejudices appellant’s substantial rights under the standard
announced in government code section 2001.174. See Tex. Gov’t Code Ann. § 2001.174(2)
(West 2008).

 6
resolve any conflict in favor of the agency’s decision and uphold the agency’s order. Id. at 453. We

may not substitute our judgment for that of the agency on the weight of the evidence on questions

committed to the agency’s discretion. Id. at 452; see also Tex. Gov’t Code Ann. § 2001.174. We

may reverse an agency’s decision that prejudices substantial rights of the complaining party if the

decision is in violation of a constitutional or statutory provision, in excess of the agency’s authority,

made through unlawful procedure or affected by other error of law, not reasonably supported by

substantial evidence, or arbitrary or capricious or characterized by an abuse of discretion. Tex. Gov’t

Code Ann. § 2001.174(2)(A)-(F).

 We review the ALJ’s decision to admit or exclude evidence for abuse of

discretion—the same standard we apply to trial courts. City of Amarillo v. Railroad Comm’n,

894 S.W.2d 491, 495 (Tex. App.—Austin 1995, writ denied). A trial court abuses its discretion in

admitting evidence if it acts without reference to guiding rules and principles, or if the act

complained of is arbitrary and unreasonable. Carpenter v. Cimarron Hydrocarbons Corp.,

98 S.W.3d 682, 687 (Tex. 2002). As a reviewing court, we must uphold a trial court’s evidentiary

ruling if there is any legitimate basis in the record to support it. Owens-Corning Fiberglas Corp.

v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). Like a trial court, an ALJ has broad discretion when

deciding whether to admit expert testimony in an administrative hearing, and we will not disturb that

decision on appeal in the absence of an abuse of discretion. See Fay-Ray Corp. v. Texas Alcoholic

Beverage Comm’n, 959 S.W.2d 362, 367 (Tex. App.—Austin 1998, no pet.).

 7
Alleged violations of Board rules

 In his first issue,5 appellant argues that the Board violated its own rules because Board

rules do not permit the imposition of a probated suspension of appellant’s medical license under the

facts of this case and the Board failed to consider mitigating factors as required in 22 Tex. Admin.

Code § 190.15 (2010) (Tex. Med. Bd., Aggravating & Mitigating Factors).

 A) Imposition of probated sentence

 In support of his claim that the Board cannot impose a probated suspension of

his license, appellant relies on subsection 190.14(7)(J)(ii)(I). See 22 Tex. Admin. Code

§ 190.14(7)(J)(ii)(I) (2010) (Tex. Med. Bd., Disciplinary Sanctions Guidelines). Appellant argues

that this is the proper rule under which the Board should have sanctioned him because this case

involved a single patient, who suffered no substantial harm, and there were no other aggravating or

mitigating circumstances. We disagree.

 Section 190.14 of the Board’s rules sets forth the Board’s disciplinary sanction

guidelines. Id. § 190.14. Subsection 190.14(1) states:

 The standard sanctions outlined below shall apply to cases involving a single
 violation of the [Medical Practice] Act, and in which there are no aggravating or
 mitigation factors that apply. The board may impose more restrictive sanctions when
 there are multiple violations of the Act.

 5
 Appellant’s briefing sets forth this issue as two separate complaints. Because both
complaints allege violations of the Board’s rules, we address them together.

 8
Id. § 190.14(1) (emphasis added). In addition, subsection 190.14(5) states, “Each statutory violation

constitutes a separate offense, even if arising out of a single act.” Id. § 190.14(5). Thus, even in the

absence of patient harm or aggravating circumstances, the Board’s rules expressly permit the Board

to impose more restrictive sanctions when a case involves multiple violations of the Medical Practice

Act. See id. § 190.14(1), (5).

 In its final order, the Board determined that appellant had violated subsections

164.051(a)(3) and (6) of the Medical Practice Act. See Tex. Occ. Code Ann. § 164.051(a)(3), (6).

The Board found appellant had violated Board rules—specifically 22 Tex. Admin. Code § 165.1—by

failing to maintain adequate medical records in violation of subsection 164.051(a)(3) and that

appellant had “fail[ed] to practice medicine in an acceptable professional manner consistent with

public health and welfare” in violation of subsection 164.051(a)(6). Id. Because the Board found

multiple violations of the Medical Practice Act, we conclude that the Board acted within its

discretion to impose the more restrictive sanctions found in subsection 190.14(7)(J)(ii)(II), including

a probated suspension of appellant’s medical license. See 22 Tex. Admin. Code § 190.14(1), (5).

We overrule appellant’s claim to the contrary.

 B) Failure to consider mitigating factors

 In support of his claim that the Board violated its rules by failing to consider

mitigating factors, appellant cites subsection 190.15(b) of the Board’s rules. This provision states:

 (b) Mitigation. In any disciplinary action, the following may be considered as
 mitigating factors that warrant less severe or restrictive action by the board.
 The licensee shall have the burden to present evidence regarding any

 9
 mitigating factors that may apply in the particular case. A final order shall
 include a finding of fact on each applicable mitigating factor.

22 Tex. Admin. Code § 190.15(b). The Board’s rules further specify the following factors that may

be considered as mitigating factors:

 (1) self-reported and voluntary admissions of violation(s);

 (2) implementation of remedial measures to correct or mitigate harm from the
 violation(s);

 (3) acknowledgment of wrongdoing and willingness to cooperate with the board,
 as evidenced by acceptance of an Agreed Order;

 (4) rehabilitative potential;

 (5) prior community service and present value to the community;

 (6) other relevant circumstances reducing the seriousness of the misconduct; and,

 (7) other relevant circumstances lessening responsibility for the misconduct.

Id. § 190.15(b)(1)-(7).

 We construe the Board’s rules in the same manner as statutes. See Rodriguez

v. Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999). Unless the rule is ambiguous, we

follow the rule’s plain language, and our primary objective is to give effect to the Board’s intent.

See id. For this reason, we give deference to the Board’s interpretation of its rule unless that

interpretation is clearly erroneous or contrary to the plain language of the rule. See Public Util.

Comm’n v. Gulf States Utils. Co., 809 S.W.2d 201, 207 (Tex. 1991); Cities of Dickinson v. Public

Util. Comm’n, 284 S.W.3d 449, 452 (Tex. App.—Austin 2009, no pet.).

 10
 The plain language of the Board’s rule regarding mitigating factors states that the

Board “may” consider the factors in subsection 190.15(b) as mitigating factors. 22 Tex. Admin.

Code § 190.15(b). The Board’s use of the term “may” “creates discretionary authority or grants

permission or a power.” See Tex. Gov’t Code Ann. § 311.016(1) (West 2005). Under the plain

language of subsection 190.15(b), the Board has discretion to consider mitigating factors, but is not

required to do so. See id.

 In support of his claim that the Board failed to consider mitigating factors, appellant

refers to the following passages in the ALJ’s proposal for decision:

 [Respondent] has been a thoracic surgeon for over forty years and was the chief
 surgeon at the Chest Hospital in Harlingen, Texas, for twenty-seven years, where he
 specialized in the treatment of tuberculosis.

 ***

 In mitigation, the evidence established that Respondent is a good physician with
 many years of service to his community, especially to tuberculosis patients. There
 was some evidence that his course of conduct was in accordance with ER’s wishes.

We observe, however, that the Board adopted all of the ALJ’s findings of fact, including:

 2. Respondent is a thoracic surgeon who specializes in diseases of the lungs and
 served as the chief surgeon for the Chest Hospital of Harlingen, Texas, for
 almost thirty years.

 3. Respondent has practiced medicine in Texas since 1965.

 11
In addition, the Board adopted the ALJ’s recommended sanction, including a two-year probated

suspension of appellant’s medical license, an administrative penalty of $3,000,6 and 20 hours of

continuing medical education in medical record keeping. Thus, the Board’s final order includes

findings of fact on the mitigating factors as found by the ALJ.

 To the extent appellant argues that the Board was required to consider additional

mitigating factors or include additional findings of fact in its final order, we reject that complaint.

The plain language of rule 190.15 allows the Board to consider mitigating factors, but does not

require the Board to do so. See 22 Tex. Admin. Code § 190.15(b). We overrule appellant’s first

issue on appeal.

Evidentiary rulings

 In his second issue, appellant complains that the ALJ improperly excluded the

testimony of Dr. Arnold and evidence regarding appellant’s character and reputation.

 A) Exclusion of Dr. Arnold’s testimony and report

 Appellant contends that it was error for the ALJ to exclude Dr. Arnold’s testimony

and expert report from the contested case hearing because the Board initially designated Dr. Arnold

as a testifying expert, but then sought to de-designate Dr. Arnold. By his complaint, we also

construe appellant to argue that it was error to grant the Board’s motion to de-designate Dr. Arnold

as a testifying expert. We review the ALJ’s decisions in these matters for abuse of discretion. See

Fay-Ray Corp., 959 S.W.2d at 367; City of Amarillo, 894 S.W.2d at 495.

 6
 The ALJ actually recommended a higher penalty amount of up to $5,000.

 12
 The record reflects that Dr. Arnold was a consulting-only expert used by the Board’s

staff to prepare for the contested case hearing. The Board attorney originally assigned to the case

designated Dr. Arnold as a testifying expert. When this attorney left the Board and new counsel took

over the case,7 counsel reviewed the case file and realized that Dr. Arnold had been inadvertently

designated as a testifying expert. Six days after filing notice of substitution of counsel, the Board’s

new counsel filed a motion to de-designate Dr. Arnold. In support of its motion, the Board included

the affidavit of Dr. Arnold in which he averred that he was retained by the Board only to review the

records and give an opinion to Board staff about his views on the medical issues that formed the

basis for the Board’s complaint against appellant. Dr. Arnold further averred that he never agreed

to be a testifying expert in this matter.

 Texas courts have consistently held that a testifying expert may be de-designated as

long as it is not part of a bargain between adversaries to suppress testimony or for some improper

purpose. See Tom L. Scott, Inc. v. McIlhany, 798 S.W.2d 556, 560 (Tex. 1990); In re State Farm

Mut. Auto. Ins. Co., 100 S.W.3d 338, 340-41 (Tex. App.—San Antonio 2002, orig. proceeding);

Lopez v. Martin, 10 S.W.3d 790, 794 (Tex. App.—Corpus Christi 2000, pet. denied); Castellanos

v. Littlejohn, 945 S.W.2d 236, 240 (Tex. App.—San Antonio 1997, orig. proceeding); Jones

& Laughlin Steel, Inc. v. Schattman, 667 S.W.2d 352, 355 (Tex. App.—Fort Worth 1984, orig.

proceeding). In the order granting the Board’s motion to de-designate Dr. Arnold, the ALJ found

that “Dr. Arnold did not agree to provide anything other than consulting services, the designation

of him as a trial expert was in error, and [ ] there is no improper motive behind the de-designation.”

 7
 A notice of substitution of counsel was filed on March 7, 2007.

 13
The ALJ also found that “[j]ust because [appellant] was provided with Dr. Arnold’s report does not

obligate Staff to maintain Dr. Arnold’s designation as its expert witness.” On this record, we find

no abuse of discretion in the ALJ’s decision to grant the motion to de-designate. We turn next to

appellant’s complaint that it was error to exclude Dr. Arnold’s testimony.

 The applicable rule on consulting experts is rule 192.3 of the Texas Rules of Civil

Procedure. Tex. R. Civ. P. 192.3. Rule 192.3(e) states in relevant part:

 The identity, mental impressions, and opinions of a consulting expert whose mental
 impressions and opinions have not been reviewed by a testifying expert are not
 discoverable.

Id. 192.3(e). Under this rule, as a consulting-only expert, Dr. Arnold’s identity and his report,

including his mental impressions and opinions are not discoverable. Id. It necessarily follows that

if Dr. Arnold’s identity and his report, including his mental impressions and opinions are not

discoverable, then they are likewise not admissible. See generally Tex. R. Civ. P. 192.3(a) (scope

of discovery); General Motors Corp. v. Gayle, 951 S.W.2d 469, 474 (Tex. 1997) (“Like the

work-product privilege, this consulting expert privilege grants parties and their attorneys a sphere

of protection and privacy in which to develop their case.”); Werner v. Miller, 579 S.W.2d 455, 456

(Tex. 1979) (confirming that consulting-expert privilege allows “a consultant to investigate an

accident without the risk of furnishing a potential expert witness or at least a theory of recovery or

defense to the opposing party”). Because Dr. Arnold was properly considered a consulting-only

expert after de-designation, there was no abuse of discretion in the ALJ’s decision to exclude his

testimony and report.

 14
 But even if we agreed with appellant that the ALJ erred in excluding Dr. Arnold’s

testimony and report, appellant cannot demonstrate that the exclusion of Dr. Arnold’s testimony and

report prejudiced his substantial rights. See Tex. Gov’t Code Ann. § 2001.174(2) (reviewing court

may reverse agency order only upon showing of error and prejudice to substantial rights). Assuming

arguendo that Dr. Arnold’s testimony and report had been admitted into evidence at the contested

case hearing, the record would have still included the testimony of Dr. Smith, who testified that

appellant breached the standard of care by failing to document fully his treatment of E.R. and by

telling E.R. in July 2000 not to return until December. In July, E.R.’s condition had not been

diagnosed and cancer was the most likely cause of E.R.’s lung mass. The ALJ—as the sole judge

of witness credibility—remained free to accept or reject this evidence in whole or in part. See

Southern Union Gas Co. v. Railroad Comm’n, 692 S.W.2d 137, 141-42 (Tex. App.—Austin 1985,

writ ref’d n.r.e.). Moreover, as a reviewing court, we may not substitute our judgment for that of the

Board on controverted issues of fact. See Trapp v. Shell Oil Co., 198 S.W.2d 424, 436 (Tex. 1946).

And we may not set aside the Board’s decision merely because the testimony was conflicting. See

Firemen’s & Policemen’s Civil Serv. Comm’n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984). In

the face of this conflicting evidence, appellant cannot overcome the presumption that the Board’s

order was supported by substantial evidence. See Charter Medical, 665 S.W.2d at 453. Nor can

appellant show that his substantial rights were prejudiced. See Tex. Gov’t Code Ann. § 2001.174(2);

Charter Medical, 665 S.W.2d at 452 (citing Lewis v. Metropolitan Sav. & Loan Ass’n,

550 S.W.2d 11, 13 (Tex.1977) (evidence in record actually may preponderate against agency

decision and nonetheless amount to substantial evidence)); Gerst v. Goldsbury, 434 S.W.2d 665, 667

 15
(Tex. 1968) (agency order must stand when substantial evidence would support either affirmative

or negative findings). Because we would find that the Board’s order was supported by substantial

evidence even if Dr. Arnold’s testimony and report had been admitted into evidence, we conclude

that any error in their exclusion was harmless.8

 B) Exclusion of character and reputation evidence

 Appellant next argues that the ALJ erred in excluding evidence of appellant’s

character and reputation in the community. Specifically appellant argues that the ALJ erred in

excluding four letters from other doctors in the local medical community offered into evidence by

appellant at the contested case hearing. The Board responds that the ALJ’s ruling should be affirmed

because appellant’s character and reputation were not at issue in this proceeding and, therefore, the

letters were not relevant.

 Section 2001.082 provides the standard for exclusion of evidence in a contested case

hearing. That section provides:

 In a contested case, evidence that is irrelevant, immaterial, or unduly repetitious shall
 be excluded.

 8
 Appellant alternatively argues that the Board waived its consulting-expert privilege by
producing Dr. Arnold’s report to appellant in discovery and by utilizing the report either through
improper ex parte communications or at an open meeting that occurred in December 2006. See Tex.
Gov’t Code Ann. § 2001.061 (West 2008) (“Ex Parte Consultations”). Because we conclude the
error, if any, in the exclusion of Dr. Arnold’s testimony and report was harmless, we need not
consider appellant’s arguments that the Board waived its consulting-expert privilege. See Tex. R.
App. P. 47.1. In any event, other than his own assertions, appellant presents no evidence that the
Board improperly considered Dr. Arnold’s report at the meeting or through ex parte communications.

 16
Tex. Gov’t Code Ann. § 2001.082 (West 2008). Under section 164.051, the only relevant issue was

whether appellant’s conduct in the treatment of E.R. violated the Medical Practice Act or Board

rules. See Tex. Occ. Code Ann. § 164.051(a)(3), (6). We therefore conclude that such character and

reputation evidence was not relevant to the issue under consideration.

 To the extent appellant argues that such evidence was relevant to show additional

mitigating factors, appellant has failed to demonstrate how such evidence would have changed the

outcome of the Board proceedings or the punishment assessed by the Board. See Tex. R. App. P.

44.1 (requiring appellant to show that error probably caused the rendition of an improper judgment

or prevented appellant from properly presenting his case on appeal). We conclude there was no

abuse of discretion in the ALJ’s exclusion of the letters submitted by appellant, and we overrule

appellant’s second issue.

Alleged errors in the final order

 In his third issue, appellant complains that the Board’s final order includes “technical

errors” and “misstatements of fact.” Appellant challenges findings of fact 7, 8, and 13, 15, and 16 in

the Board’s final order. We construe appellant to complain that these findings were not supported

by substantial evidence.

 As previously noted, we review the Board’s order under the “substantial evidence

rule,” and we presume the order is supported by substantial evidence. See Tex. Occ. Code Ann.

§ 164.009 & revisor’s note; Tex. Gov’t Code Ann. § 2001.174; Granek v. Texas State Bd. of Med.

Exam’rs, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, pet. denied); Ramirez, 995 S.W.2d at 919.

 17
Appellant has the burden of proving that the Board’s order was not supported by substantial

evidence. See Granek, 172 S.W.3d at 778.

 Findings of fact 7 and 8 provide:

 7. Respondent’s hand-written office notes for ER’s twelve visits did not quite
 fill two and a half pages and most entries consisted of a sentence or two and
 lacked one or more of the following: a history, physical examination, chief
 complaint, review of systems, evaluation, diagnosis, or plan of treatment.

 8. Respondent’s medical records for ER’s office visits were inadequate to
 inform ER or other health care providers of her medical history, status,
 responses to treatment, or the basis for Respondent’s medical decisions
 regarding her care.

These findings of fact merely summarize the testimony and documentary evidence presented at the

hearing. Appellant’s medical records regarding the treatment of E.R. were submitted in evidence

at the hearing and finding of fact 7 accurately describes those records. In addition, the Board’s

expert witness Dr. Marvin Smith testified that appellant’s office notes lacked documentation of

E.R.’s clinical status and the medical reasons for treating E.R.’s lung mass as inflammatory instead

of cancerous, in origin, especially since Dr. Cesar Tumakay—a radiologist who examined the

CT scan of E.R.’s chest—listed lung cancer as the primary diagnosis in his report. Dr. Smith further

testified that appellant should have taken immediate steps to rule out cancer once the mass did not

clear when treated with antibiotics. We therefore conclude that findings of fact 7 and 8 are supported

by substantial evidence in the record, and we reject appellant’s challenge to the contrary.

 18
 Findings of fact 13, 15, and 16 provide:

 13. In May 2000, Respondent decided that, absent an open biopsy, the best
 course was to monitor the lung mass with monthly x-rays.

 ***

 15. In July 2000, it was not medically reasonable to change the period between
 x-rays from one to four months because Respondent knew that cancer was the
 most likely cause of ER’s lung mass.

 16. Failing to evaluate a lung mass suspected of being cancerous for four months
 was below the applicable standard of care.

Appellant argues that these findings “are not only unsupported by the evidence, but are just plain

wrong.” Appellant implies that finding of fact 13 is incorrect because his treatment of E.R. began

in April, not May, and that he monitored E.R. with x-rays more frequently than monthly, by

requesting x-rays on April 7, April 22, May 19, and May 23. In addition, appellant contends that he

performed a bronchoscopy with a brushing on May 31, 2000. But finding of fact 13 does not reflect

the start date of appellant’s treatment of E.R. Rather, this finding provides that in May 2000,

appellant decided to monitor E.R. with monthly x-rays on a going-forward basis. Appellant’s own

testimony at the hearing supports this finding of fact.

 With regard to finding of fact 15, appellant contends that this finding of fact is a legal

conclusion that is not supported by the record. Appellant further contends that the ultimate finding

of fact is not supported by the evidence and the underlying findings of fact are not set forth in the

Board’s order.

 Under substantial evidence review, the label attached—“finding of fact” or

“conclusion of law”—is not determinative to our analysis. See Tex. Gov’t Code Ann. § 2001.174.

 19
An agency’s articulation of underlying findings need not be in a particular format, and we will not

apply a “hypertechnical standard of review” to the agency’s final order. See Goeke v. Houston

Lighting & Power Co., 797 S.W.2d 12, 15 (Tex. 1990) (quoting State Banking Bd. v. Allied Bank

Marble Falls, 748 S.W.2d 447, 449 (Tex. 1988)).

 Dr. Smith testified that appellant did not adequately monitor E.R. On direct

examination, Dr. Smith was asked, “Was it within the standard of care to tell this patient to return

in five months, and if not, why?” Dr. Smith responded:

 The answer is no. Once again, you have not resolved her problem. Her problem is
 a mass in the lung, complicated subsequently by a bout of hemoptysis. And there’s
 no clear plan. There’s no clear resolution of the problem.

In addition, the record reflects that, by July 2000, appellant had ruled out tuberculosis or infection

as the cause of the mass in E.R.’s lung, thereby leaving cancer as the most likely cause for the mass.

We therefore conclude that finding of fact 15 is supported by substantial evidence.

 Moreover, our review of the Board’s order demonstrates that the Board’s underlying

findings were included in findings of fact 13 and 14, which provide that the appellant decided in May

2000 that “the best course was to monitor the lung mass with monthly x-rays” and that “[a]fter the

July 2000 x-ray showed the mass was stable” appellant told E.R. to return in December five months

later. The evidence thus supports the statement in finding of fact 15 that it was “medically

unreasonable” to change the monitoring frequency from one to four months only two months after

deciding that monthly monitoring was the best course of action. We reject appellant’s challenge to

finding of fact 15.

 20
 Appellant also argues that finding of fact 16 is not supported by the evidentiary record

because it is redundant and “serves no purpose other than to repeat the errors inherent in finding of

fact 15.” Dr. Smith testified at the contested case hearing regarding the appropriate standard of care

and how appellant’s conduct violated that standard of care. Dr. Smith testified that the standard of

care would have required more documentation in E.R.’s medical records than that provided by

appellant. He further testified that there was no documentation and a lack of a proposed plan of

treatment from July to December 2000, and that the standard of care was not met in this regard. We

conclude that Dr. Smith’s testimony supports the Board’s finding and, for the same reasons we

rejected appellant’s challenge to finding of fact 15, we also reject appellant’s challenge to finding

of fact 16.

 We therefore conclude that the Board’s final order was supported by substantial

evidence and we overrule appellant’s third issue.

Compliance with jurisdictional prerequisites

 In his fourth issue, appellant contends that the ALJ erred in failing to dismiss the

complaint against him based on the Board’s failure to satisfy the jurisdictional prerequisites in APA

section 2001.054(c) and sections 164.003 and 164.004 of the Medical Practice Act. Appellant’s

complaints relate to the requirements that he be given notice and an opportunity to show compliance

with the Medical Practice Act before the Board initiates formal proceedings against him at SOAH.

 21
See Tex. Gov’t Code Ann. § 2001.054(c) (West 2008); Tex Occ. Code Ann. §§ 164.003 (West Supp.

2009) (informal proceedings), .004 (West 2004) (compliance with due process requirements).9

 The administrative record refutes appellant’s complaints that these jurisdictional

requirements were not satisfied. The Board filed a sworn complaint with SOAH alleging violations

of the Medical Practice Act against appellant based on his treatment of E.R. In its sworn complaint,

the Board averred that an informal settlement conference was held on September 16, 2005 in

accordance with government code section 2001.054(c) and section 164.004 of the Medical

Practice Act. The Board’s sworn complaint was sufficient to satisfy the statutory jurisdictional

requirements. See Tex. Gov’t Code Ann. § 2001.054(c); Tex Occ. Code Ann. § 164.004; see also

Guerrero-Ramirez v. Texas State Bd. of Med. Exam’rs, 867 S.W.2d 911, 917-18 (Tex. App.—Austin

1993, no writ) (finding that Board complaint was sufficient to satisfy requirements in

section 2001.054 as long as it adequately informs the licensee of the subject matter of the hearing).

We overrule appellant’s fourth issue.

Collateral estoppel

 In his fifth and final issue, appellant contends that collateral estoppel precludes

relitigation of the issues of negligence and standard of care because those issues were already

litigated in the civil suit filed against appellant by E.R.’s family. We disagree.

 9
 Section 2001.054(c) requires an agency to provide notice and an opportunity to show
compliance before taking formal action against a licensee. Tex. Gov’t Code Ann. § 2001.054(c)
(West 2008). Sections 164.003 and 164.004 of the occupations code incorporate the requirements
in government code section 2001.054(c) and require the Board to adopt rules and procedures to
enforce these requirements and protect the due process rights of a licensee. See Tex. Occ. Code Ann.
§§ 164.003-.004 (West 2004 & Supp. 2009).

 22
 Collateral estoppel, or issue preclusion, may be invoked to preclude relitigation of

particular issues when “(1) the facts sought to be litigated in the second action were fully and fairly

litigated in the first action; (2) those facts were essential to the judgment in the first action; and

(3) the parties were cast as adversaries in the first action.” Sysco Food Servs., Inc. v. Trapnell,

890 S.W.2d 796, 801 (Tex. 1994); see also Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628

(Tex. 1992). Because the Board and appellant were not “cast as adversaries” in the civil suit brought

against appellant by E.R.’s family, collateral estoppel does not bar relitigation of the issues of

negligence or standard of care in the administrative proceedings before the Board. See Sysco Food

Servs., Inc., 890 S.W.2d at 801. We overrule appellant’s fifth issue.

 CONCLUSION

 Having considered and overruled appellant’s issues on appeal and finding that the

Board’s final order was supported by substantial evidence, we affirm the district court’s judgment

affirming the Board’s final order.

 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: April 30, 2010

 23